**In re Ibrahim Ahmed Mahmoud AL QOSI, Petitioner.**

Nos. 14–1075, 14–1076.

United States Court of Appeals, District of Columbia Circuit.

May 1, 2015.

---

granted in the dismissal order, and his filing of a motion to amend his original complaint. *See Ciralsky v. CIA,* 355 F.3d 661, 672, 674 (D.C.Cir.2004).

Mary R. McCormick, Esquire, Office of the Chief Defense Counsel, Washington, DC, Tia Renee Suplizio, Office of Military Commissions Office of the Chief Defense Counsel, Arlington, VA, for Petitioner.

Before: TATEL and GRIFFITH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

We are confronted with both a petition for writ of mandamus and a petition for review of a decision dated April 24, 2014 by the United States Court of Military Commission Review. We have accorded the issues full consideration and have determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petitions be dismissed for lack of jurisdiction. Al Qosi's appointed appellate defense counsel, Captain McCormick, seeks review of a decision by the Court of Military Commission Review, or alternatively, *inter alia*, mandamus relief invalidating the decision. Because al Qosi has not authorized these actions, we conclude that we lack jurisdiction and dismiss the petitions.

In the decision below, the Review Court denied counsel's request for mandamus relief to compel funding for her travel to Sudan to consult with al Qosi about potentially appealing his conviction, on the ground there was no attorney-client relationship between Captain McCormick and al Qosi. *United States v. Al Qosi*, 28 F.Supp.3d 1198, 1203 (USCMCR 2014).

There is no evidence that al Qosi authorized Captain McCormick to pursue these petitions. Captain McCormick does not argue to the contrary. Instead, she asserts that al Qosi's conviction is properly before this court due to the confluence of her appointment by the Chief Defense Counsel, al Qosi's automatic appeal to the Review Court (given the alleged ineffectiveness of his waiver), *see* 10 U.S.C. § 950c(a)-(b), and the fact that he has not disavowed his appeal. But Captain McCormick cites no authority for the proposition that an attorney derives appeal authorization from this mix of factors. *Cf. United States v. El–Mezain*, 664 F.3d 467, 578 (5th Cir.2011) (the crucial decision whether to appeal is the province of the defendant, not of defense counsel). Without authorization, we lack a justiciable case or controversy. Section 950c's automatic referral is only to the Review Court, not this court. Whatever the effect of that automatic referral, it has no bearing on our jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in case number 14–1075 until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.